UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| BILLY J. HOWELL | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-51 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

**MEMORANDUM OPINION**

The plaintiff Billy J. Howell has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Mr. Howell was born in 1956 and was 47 years old at the time of his supplemental administrative hearing. [Tr. 104, 418]. He completed his Graduate Equivalency Development [GED] diploma and has relevant past work experience as an electrician and pipe layer. [Tr. 18]. Mr. Howell alleges he is disabled as of June 1, 2000, from degenerative joint disease, fibromyalgia, deep depression, possible neurological damage, a loss of mental functions, constant and severe pain, arthritis, and an anxiety disorder with panic attacks. [Tr. 18]. In November 2003, the Appeals

Council vacated the Administrative Law Judge's [ALJ] July 2003 denial of benefits and remanded the case for further evaluation of Mr. Howell's subjective complaints. [Tr. 52]. Based upon a finding that his severe impairments were not severe enough, the ALJ found in April 2004 that Mr. Howell was not disabled as defined by the Social Security Act. [Tr. 21]. This decision was affirmed by the Appeals Council in January 2005. [Tr. 7-10].

At Mr. Howell's supplemental administrative hearing held on March 18, 2004, the testimony of Mr. Howell and vocational expert Donna Bardsley was received into evidence. [Tr. 418-40]. Mr. Howell testified that his hips, back, knees, and ankles have stabbing pains in them which prevent him from working. [Tr. 419]. He also suffers from depression, arthritis, muscle spasms, fibromyalgia, and headaches. [Tr. 421-22, 433]. Mr. Howell walks with a cane and uses a back brace. [Tr. 424, 429].

Vocational expert Donna Bardsley testified next that Mr. Howell's past relevant work as an electrician was medium and skilled and his past relevant work as a pipe layer was very heavy and unskilled. [Tr. 438]. The ALJ then asked her to assume a man of Mr. Howell's age, education, and work background who was restricted to simple, low stress light work (lifting no more than 20 pounds occasionally and 10 pounds frequently) that did not involve prolonged standing or walking and was relatively free from excessive dust, fumes, chemicals, and temperature extremes. [Tr.

439]. According to the vocational expert, such a person could work as a cashier, information clerk, order clerk, ticket seller, hand packager, sorter, and assembler, *inter alia*. [*Id.*].

The ALJ ruled that Mr. Howell was not disabled because his severe musculoskeletal, mental, and respiratory impairments were not severe enough for a finding of disability. [Tr. 21]. The ALJ then found Mr. Howell retained the residual functional capacity [RFC] to perform simple, low stress light work which did not require prolonged standing or walking or working around excessive airborne contaminants or excessive heat or cold. [Tr. 25]. With those limitations, Mr. Howell could perform work that exists in significant numbers in the national economy. [Tr. 24].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the

3

evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Howell requests summary judgment and challenges the ALJ's evaluation of his mental impairments. The ALJ noted that in an August 2001 psychological evaluation, Mr. Howell complained of difficulty in both maintaining attention and concentration, but such difficulties were not evident during the evaluation. [Tr. 21]. In addition, Mr. Howell reported hallucinations, but his credibility in doing so was questioned. [*Id.*]. The examiner found he had moderate limitations in his ability to sustain concentration and persistence. [*Id.*]. Mr. Howell had another psychological evaluation in August 2002, in which the examiner concluded he had only some limitations in sustaining concentration and persistence. [*Id.*]. Because this court finds that the ALJ adequately accounted for Mr. Howell's limitations with concentration and persistence by assigning an RFC for simple, low stress light work, substantial evidence supported the ALJ's finding.

Mr. Howell also argues the ALJ failed to consider his impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The

4

ALJ referred to Mr. Howell's impairments three times in his decision. [Tr. 20, 21]. The ALJ focused Mr. Howell's RFC on his musculoskeletal, mental, and respiratory impairments. [Tr. 25]. Finally, the hypothetical questions the ALJ asked the vocational expert also focused on Mr. Howell's musculoskeletal, mental, and respiratory impairments. [Tr. 439]. Based on the Sixth Circuit framework, the ALJ considered Mr. Howell's impairments in combination.

After careful consideration of the entire record of proceedings related to this case, Mr. Howell's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
    THOMAS GRAY HULL
     SENIOR U. S. DISTRICT JUDGE